FILED

2009 Apr-23  PM 01:00
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## EASTERN DIVISION

| | | |
|---|---|---|
| **RONDA S. THOMAS BURNS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 1:08-CV-1176-VEH** |
| | ) | |
| **SUPERVALU HOLDINGS, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

---

## MEMORANDUM OPINION

### I.    INTRODUCTION

Before the Court is the Defendant's Renewed Motion to Dismiss Count Two of Plaintiff's Second Amended Complaint. (Doc. 16.)  Because the Plaintiff alleges only acts of retaliation that occurred <u>before</u> she engaged in protected statutory activity, the Defendant's motion is due to be **GRANTED**.

### II.    FACTUAL AND PROCEDURAL HISTORY

Plaintiff, Ronda S. Thomas Burns ("Burns"), proceeding *pro se*, filed her Second Amended Complaint (Doc. 14) on February 22, 2009, wherein she alleged two Title VII violations by the Defendant, SUPERVALU Holdings, Inc. ("SUPERVALU").  Specifically, Burns claims that SUPERVALU discriminated

against her on account of her sex by assessing disciplinary points for approved time off before ultimately terminating her, when male employees were allowed to take time off without any such discipline.  (*Id.* at 1.)  In her second count, Burns alleges that SUPERVALU retaliated against her subsequent to her termination when she was working for a "subcontractor" of SUPERVALU and was assigned to work in the freezer, while men were not required to work there.  (*Id.* at 1-2.).

SUPERVALU filed an Answer to Count One of Burns's Second Amended Complaint (Doc. 15) on March 30, 2009, and simultaneously filed its Renewed Motion to Dismiss Count Two of Plaintiff's Second Amended Complaint on March 30, 2009, arguing that Burns's second count was due to be dismissed because she alleged only acts of retaliation that occurred <u>before</u> her alleged protected activity and because she failed to exhaust her administrative remedies.  Although the Court entered a Scheduling Order (Doc. 17) on this motion, Burns declined to respond. Therefore, the Court now takes the pending motion under submission.

## III.   STANDARD OF REVIEW

A Rule 12(b)(6) motion attacks the legal sufficiency of the complaint. *See* Fed. R. Civ. P. 12(b)(6).  The Federal Rules of Civil Procedure require only that the complaint provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it

rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957); *see also* Fed. R. Civ. P. 8(a).  A plaintiff must provide the grounds of his entitlement, but Rule 8 does not require "detailed factual allegations."  *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (quoting *Conley*, 355 U.S. at 47).  "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint."  *Id.* at 1969.  In evaluating a motion to dismiss, the court assumes that all factual allegations set forth in the complaint are true, *see United States v. Gaubert*, 499 U.S. 315, 327 (1991), and construes all factual allegations in the light most favorable to the plaintiff.  *Brower v. County of Inyo*, 489 U.S. 593, 598 (1989).  Even when, as here, the Plaintiff does not respond to a motion to dismiss, the district court must address the legal sufficiency of the complaint rather than dismissing it for failure to respond.  *See Boazman v. Economic Laboratory, Inc.*, 537 F.2d 210, 213-214 (5th Cir. 1976) (finding that it was error for a district court to grant summary judgment based solely upon a failure to respond).[1]

However, as the Honorable William H. Steele, District Court Judge for the Southern District of Alabama, has stated, "the court is under no duty to exercise imagination and conjure what a plaintiff might have alleged, but did not, and do

---

[1]*See, Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (holding that decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981, are binding in the Eleventh Circuit).

counsel's work for him or her." *Anderson v. Greene*, No. 05-CV-0393-WS-M, 2005 WL 1971116 at *3 (S.D. Ala. 2005). Notwithstanding this admonition, the Court also recognizes that Plaintiff proceeds in this matter without an attorney, *pro se*, and that *pro se* litigants are often afforded special latitude. *See Parisie v. Greer*, 685 F.2d 1016, 1017 (7th Cir. 1982). With these caveats in mind, the Court turns to the Plaintiff's allegations.

## IV.   ANALYSIS

Defendant seeks dismissal of Count Two of Plaintiff's Amended Complaint on the basis that (1) she cannot establish a *prima facie* case of retaliation; and (2) she did not exhaust her administrative remedies. (Doc. 16 at ¶¶ 5-7.) Because the Court finds that Burns cannot establish a *prima facie* case of retaliation, it need not reach Defendant's exhaustion argument.

"To establish a prima facie case of retaliation under Title VII, a plaintiff must prove the following elements: (1) she participated in an activity protected by Title VII; (2) she suffered an adverse employment action; and (3) there is a causal connection between the participation in the protected activity and the adverse employment decision." *Pipkins v. City of Temple Terrace, Fla.* 267 F.3d 1197, 1201 (11th Cir. 2001). Defendant disputes this third element, causation. (Doc. 16 at ¶ 5.)

According to Burns, her Second Amended Complaint states that "on or about

April 1, 2007," she filed a charge with the EEOC–her protected activity– and that on April 5, 2007, SUPERVALU engaged in the alleged acts of retaliation.  However, in her initial complaint filed with this Court, Plaintiff attached her EEOC charge, which unequivocally indicates that it was filed on July 10, 2007. (Doc. 2 at 9.)  In addressing a motion to dismiss, the Court is entitled to consider "the face of the complaint and attachments thereto." *Brooks v. Blue Cross and Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1368-1369 (11th Cir. 1997) (citing 5 Charles A. Wright & Arthur Miller, Federal Practice and Procedure § 1356 at 590-92 (1969)).  Additionally, as a general rule, "a party is bound by the admissions in his pleadings" and when a fact is judicially admitted in a pleading, its proof is of "the highest possible probative value" and is "beyond the power of evidence to controvert [it]."  *Best Canvas Products & Supplies, Inc. v. Ploof Truck Lines, Inc.*, 713 F.2d 618, 621 (11th Cir. 1983).  The EEOC charge, attached to Burns's initial complaint, amounts to a judicial admission as to the date of her statutorily protected activity.  Burns cannot contradict this fact by averring a different date in her Second Amended Complaint.  The importance of this admission is substantial since, in *Pipkins*, the Eleventh Circuit explained that a retaliation claim fails as a matter of law when protected expression "occur[s] after the commencement of the adverse employment actions of which [the plaintiff] complains." 267 F.3d at 1201.  Therefore, in light of the fact that Burns's protected

activity[2] occurred after the alleged adverse employment decision, SUPERVALU's motion to dismiss is due to be **GRANTED**.

## V.   CONCLUSION

Because the Court finds that Burn's statutorily protected activity occurred after the alleged adverse employment decision, the Defendant's motion is due to be **GRANTED**.  The Court will concurrently enter a separate order dismissing Count Two of the Plaintiff's Second Amended Complaint.

**DONE** and **ORDERED** this the 23rd day of April, 2009.

_____

**VIRGINIA EMERSON HOPKINS**
United States District Judge

---

[2] While it is true that internal complaints of sexual harassment could also provide a basis for Burns's  retaliation claim, *see Pipkins*, 267 F.3d at 1201, Burns has made no such allegation in Count Two of her Second Amended Complaint.  She has only alleged that her EEOC charge was a statutorily protected activity.  (Doc. 16 at 1-2.)  The Court has given Burns great leeway in allowing her to file three complaints in this case and it is not inclined to speculate as to whether Burns lodged any informal complaints against SUPERVALU.